UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
B.H., on behalf of her minor daughter, D.B.,
A.M., on behalf of her minor daughter, M.M.,          NOT FOR PUBLICATION
D.L, on behalf of her minor daughter, D.Y.,
L.W., A.M., and all others similarly situated,

        Plaintiffs,                           10 CV 210 (RRM) (ALC)

       v.                                         ORDER

CITY OF NEW YORK; MAYOR MICHAEL
R. BLOOMBERG, in his official capacity;
POLICE COMMISSIONER RAYMOND
W. KELLY, in his official capacity;
ASSITANT CHIEF THOMAS CHAN, in his
official capacity; SERGEANT ROSLYN
DOWNING-LEE, in her individual and
official capacities; SCHOOL SAFETY
OFFICER TAKASHA EDMOND, in her
 individual and official capacities, SCHOOL
SAFETY OFFICER KEVIN MAYES, in his
individual and official capacities; SCHOOL
SAFETY OFFICER GREGORY RICHARDSON,
in his individual and official capacities; SCHOOL
SAFETY OFFICER DAVID HARRISON, in his
individual and official capacities,

        Defendants.
-----------------------------------------------------X

**CARTER, United States Magistrate Judge:**

In this putative class action against the City of New York and related officials (the "City"

or "Defendants"), the named plaintiffs are four minors represented by their mothers, and two

adults who were minors at the time of the incidents alleged ("Plaintiffs"). Plaintiffs allege

systemic shortcomings in the New York Police Department's School Safety Division which have

resulted in junior high and/or high school students being unlawfully seized, arrested, handcuffed

and/or detained without probable cause, and/or being subject to School Safety Officers' use of

excessive force, in violation of 42 U.S.C. § 1983 and related state laws.  Discovery was

bifurcated into a class certification stage to be followed by a merits stage.  The former is still in

progress and is set to conclude on July 18, 2011.  Presently before me is the City's motion to

compel Plaintiffs to (1) execute certain New York City Department of Education ("Department

of Education") releases; (2) produce various releases related to putative class members who

Plaintiffs have identified in the Amended Complaint and included in their motion for class

certification;[1] and (3) to provide medical releases related to treatment of "injuries at issue in this

lawsuit for a given plaintiff," including releases related to applications for Social Security

disability benefits and Medicaid coverage.  Based on the submissions of the parties, the

representations of the parties at the February 8, 2011 and March 18, 2011 conferences held

before me, and for the reasons stated below, the City's motion is GRANTED IN PART AND

DENIED IN PART.


DISCUSSION

Federal Rule of Civil Procedure 23(a) ("Rule 23(a)") sets forth the prerequisites to

certifying a class action.  The party seeking certification must demonstrate the existence within

the class of numerosity, commonality, typicality and adequacy of representation.  See  Fed. R.

Civ. P. 23(a)(1)-(4); see also Brown v. Kelly, 609 F.3d 467, 475 (2d Cir. 2010); Marisol A. v.

Giuliani, 126 F.3d 372, 375-6 (2d Cir. 1997) (collecting cases).  At issue in the instant motion

are the factors set forth in Rule 23(a)(2) and 23(a)(3): commonality and typicality.  "The

commonality requirement is met if there is a common question of law or fact shared by the

---

[1] Plaintiffs' motion for class certification was terminated by District Judge Roslynn R. Mauskopf for
failure to comply with her individual motion practice rules.  However, this is of no consequence, as it is
undisputed that it is the same motion to which the City will file its opposition and to which Plaintiffs will
reply.

class." Brown, 609 F.3d at 475. The requirement "has been construed permissively. All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." Chenensky v. New York Life Ins. Co., No. 07 CV 11504 (WHP), 2011 WL 1795305, at *2 (N.D.N.Y. Apr. 27, 2011) (citations omitted); see also Berwecky v. Bear, Sterns & Co., Inc., 197 F.R.D. 65, 68 (S.D.N.Y. 2000) ("Rule 23(a)(2) demands that the prospective class members share common questions of law or fact but does not require that every question of law or fact be common to every class member."). Rule 23's typicality requirement, while often analytically inseparable from the concept of commonality, looks to whether each class member's claims "arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." Marisol A., 126 F.3d at 376; see also Hamelin v. Faxton-St. Luke's Healthcare, No. 08 CV 1219 (DNH), 2011 WL 1938677, at *8 (N.D.N.Y. Mar. 8, 2011) ("[C]ommonality and typicality[] tend to merge and are generally examined together."). With these concepts in mind, I turn to each discovery dispute.

I.      *New York City Department of Education School Releases*

The parties agree that some portion of Plaintiffs' school records are discoverable. However, they have submitted dueling versions of what the release should look like. The City's proposed form calls for the release of report cards, transcripts, test results and scores, attendance records, evaluations, disciplinary proceedings, and medical/health records, and the City has since represented, (Docket No. 68 at 2 n.2), that the scope of this information should be the five-year

period preceding the filing of the Amended Complaint.  Plaintiffs' form specifies that the Department of Education may release "records concerning the incident" and specifies the date of the particular student's incident and the particular Plaintiff.  Plaintiffs argue that the City's proposed release is inappropriate and overbroad for the purposes of class certification discovery.  I agree.

First, Plaintiffs releases (already executed and provided to the City) do not prohibit the Department of Education from releasing any particular records, provided that the records "concern the incident" alleged in the Amended Complaint.  Second, the City has represented that the Department of Education will read Plaintiffs' releases to include the student's disciplinary records for the incident at issue.  (Transcript of 3/18/11 proceedings ("Tr.") at 31-32.)  The City has not demonstrated how the other documents (including, inter alia, student's report cards, transcripts, test results and scores, attendance records, and those disciplinary records unrelated to the incidents alleged in the Amended Complaint) are discoverable at this stage.

The City's argument that prior disciplinary records are relevant to Plaintiffs' standing to seek injunctive relief is unavailing.  Neither the number of prior nor subsequent interactions with School Safety Officers changes Plaintiffs' argument that the experiences alleged in the Amended Complaint coupled with the City's alleged unconstitutional policies and procedures makes a threat of future harm imminent.  Also meritless is the argument that a student's prior suspension or prior interaction with a particular School Safety Officer bears on the typicality assessment of the incidents set forth in the Amended Complaint.   Accordingly, I find Plaintiffs' releases to be sufficient, and deny this portion of the City's motion to compel.  See, e.g., Marisol A.,126 F.3d at 377 (rejecting argument that commonality and typicality were not satisfied where district court certified a class of foster children alleged to have been injured in a myriad of ways by various

City and State actors and finding sufficient that plaintiffs' claims derived from "a unitary course of conduct by a single system").

II.    *Information on Putative Class Members*

Plaintiffs' Rule 26(a) Initial Disclosures, as well as both the Amended Complaint and motion for class certification, include references to events involving unnamed individuals alleging similar treatment at the hands of the School Safety Officers, including declarations by non-parties and redacted notices of claim and complaints filed against the City by non-parties. While I agree with the City that they are entitled to some information about the non-parties (if same is being used by Plaintiffs to bolster their commonality and typicality requirements), the City has not demonstrated entitlement to any potentially sensitive documents as to most of these individuals. A review of the record reveals that Plaintiffs' allegations as to those putative class members mentioned in their Initial Disclosures spring almost entirely from publicly available documents. Additionally, most of these documents have already been annexed as exhibits to the Karterton Declaration submitted in support of the motion for class certification. As such, there is little indication in the record that these individuals consent to being involved in this litigation or will consent in future.[2] In light of the privacy concerns thereby implicated, I find that neither remedy requested by the City (an unsealing order for the remaining individuals' private records or a personal call from me to gauge each person's interest in full participation) is appropriate and deny that portion of the City's motion.

---

[2] I note that two of the individuals, K.W. and B.E., submitted declarations in support of the motion to certify and which bear on their willingness to join in this litigation. As to these two individuals alone, I reserve decision on the City's motion.

III.     *Medical Records*

Finally, the City seeks any medical records, applications for Social Security disability benefits, Medicaid and information regarding any other insurance claim relevant to any injury at issue for each Plaintiff. The City argues that this information is relevant to Rule 23(a)(3)'s typicality inquiry, no matter the age of the injury or record. (Tr. at 39.) However, I find the risk that class certification discovery morphs into individual highly-specific inquiries into each Plaintiff's physical and/or psychological state to be too great to permit this discovery at the class certification stage. See In re Initial Pub. Offering Sec. Litig., 471 F.3d 24, 41 (2d Cir. 2006) (district court afforded considerable discretion in limiting Rule 23 discovery where mini-trials of a substantial portion of the underlying litigation may result). Therefore, I grant the City's motion insofar as it seeks medical records related to injuries alleged to be arising from events detailed in the Amended Complaint but only for a period of three (3) years prior to each individual incident. The City's motion is denied as to Social Security, Medicaid and other institutional releases, with leave to renew.

The City's remaining arguments are without merit.

<u>CONCLUSION</u>

The City's motion to compel Plaintiffs' execution of its own Department of Education releases is denied.  The motion to compel discovery concerning putative class members is denied in part and reserved in part.  The motion to compel the release of Plaintiffs' medical records is granted in part and denied in part, with leave to renew.

SO ORDERED.

DATED:  May 27, 2010                                    _____/s/_____
              Brooklyn, New York                              Andrew L. Carter, U.S.M.J.