```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
B.H., on behalf of her minor daughter, D.B.,
A.M., on behalf of her minor daughter, M.M.,          NOT FOR PUBLICATION
D.L, on behalf of her minor daughter, D.Y.,
L.W., A.M., and all others similarly situated,

                Plaintiffs,                           10 CV 210 (RRM) (ALC)

        v.                                            ORDER

CITY OF NEW YORK; MAYOR MICHAEL
R. BLOOMBERG, in his official capacity;
POLICE COMMISSIONER RAYMOND
W. KELLY, in his official capacity;
ASSITANT CHIEF THOMAS CHAN, in his
official capacity; SERGEANT ROSLYN
DOWNING-LEE, in her individual and
official capacities; SCHOOL SAFETY
OFFICER TAKASHA EDMOND, in her
 individual and official capacities, SCHOOL
SAFETY OFFICER KEVIN MAYES, in his
individual and official capacities; SCHOOL
SAFETY OFFICER GREGORY RICHARDSON,
in his individual and official capacities; SCHOOL
SAFETY OFFICER DAVID HARRISON, in his
individual and official capacities,

                Defendants.
---------------------------------------------------X
```

**CARTER, United States Magistrate Judge:**

Presently before me is the City's motion for reconsideration of that portion of my May 27, 2011 order denying its motion to compel certain discovery as to unnamed putative class members. Based on the submissions of the parties, and for the reasons stated below, the City's motion is denied. However, to the extent, as described below, that the City is seeking to expand the unsealing order of June 2, 2011, that motion is granted.

BACKGROUND

In this putative civil rights class action, plaintiffs, four minors represented by their mothers and two adults who were minors at the time of the events at issue ("Plaintiffs"), allege that the City of New York and certain officials (the "City") violated 42 U.S.C. § 1983 and related state laws by subjecting them to excessive force and/or improper arrests. Upon the City's motion, discovery was bifurcated into a class certification stage and a discovery stage. On March 15, 2011, the City filed a motion to compel seeking information on unnamed students mentioned in Plaintiffs' Amended Complaint, Rule 26(a) Initial Disclosures and/or Plaintiff's motion for class certification. (Docket No. 68.) Specifically, the City argued that it "[r]equires all necessary releases from these individuals and/or an unsealing order with respect to records of their incidents, including arrest and criminal prosecution releases, family court releases, medical releases and student records releases." (Docket No. 68 at 3.) In a May 27, 2011 order (the "May 27 Order") I denied the City's motion because the allegations relating to the putative class members came almost entirely from publicly-available documents that are now part of the record in this action. For that reason, I had concerns about violating the privacy rights of the students or former students who may not have expressed an intention to be involved in this litigation, or even be aware of its existence.[1] (May 27 Order at 5.) For the same reasons, I rejected the City's argument that it would be appropriate for me to personally contact the students.

On June 2, 2011, I issued an order permitting the City to obtain copies of all arrest and criminal incident reports made by the School Safety Division between September 1, 2006 and

---

[1] Subsequently, I partially granted the City's motion as to two of the individuals, K.W. and B.E., since their submission of declarations in support of Plaintiffs' motion evinced willingness to be involved in the action. As to these two putative class members alone, I permitted some discovery, upon the parties' consent, but declined to order execution of the broad range of releases requested.

2

June 2, 2011. (Docket No. 86 (the "Unsealing Order").) The Unsealing Order permitted the City to use unredacted copies of the reports in order to investigate the underlying circumstances of the arrests and/or incidents with certain members of the New York City Police Department. Plaintiffs would receive redacted reports in all but a few circumstances detailed in the order. (Unsealing Order at 3.)

On June 16, 2011, the City filed a motion for reconsideration of the May 27 Order. The City's argues that (1) the May 27 Order conflicts with the Unsealing Order in that the former prohibits discovery of matters included in the latter; (2) to the extent the Orders are not in conflict, they still do not provide the City with the underlying documents relating to certain putative class members who were or might have been involved in incidents predating the date range provided for in the Unsealing Order, or who were not arrested; and (3) the City would suffer prejudice if denied any of the remaining discovery it seeks relating to the putative class members. Plaintiffs oppose the motion and argue that it does not identify a basis for reconsideration.

## DISCUSSION

The City's motion was filed pursuant to Local Rule 6.3, which governs motions for reconsideration. In relevant part, the rule requires the party seeking reconsideration to submit a memorandum "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." See E.D.N.Y. R. 6.3 "The standard for granting [a motion for reconsideration] is strict, " and the motion will generally be denied in the absence of overlooked facts or law. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); Bild

v. Konig, No. 09 CV 5576 (ARR) (VVP), 2011 WL 1563576, at *1 (E.D.N.Y. Apr. 25, 2011). This is because reconsideration is neither a vehicle for "repackag[ing] or religiat[ing] arguments and issues already addressed" nor for the raising of new arguments. Lichtenstein v. Reassure Amer. Life Ins. Co., Nos. 07 CV 1653 and 07 CV 1680, (DLI) (LB), 2011 WL 1527787, at *1 (E.D.N.Y. Apr. 20, 2011).

I.  *Reconsideration of the May 27 Order*

As stated above, in the City's motion to compel, it sought (and was denied) "all necessary releases" for individuals mentioned in the Amended Complaint, Plaintiffs' Rule 26(a) Initial Disclosures and/or Plaintiffs' motion for class certification. The subsequent Unsealing Order granted the parties access to arrest reports and criminal incident reports for any individual arrested by School Safety Officers in the time period provided. Read together and chronologically, the orders indicate that the City may not obtain the sweeping discovery requested in its motion to compel (which included releases for school records, family court records and medical records) but that the City is entitled to all reports covered by the Unsealing Order, including any such report relating to a putative class member that was made between September 1, 2006 and June 2, 2011.

Insofar as the City continues to argue that it requires more than the arrest reports and criminal incident reports of the putative class members, (Docket No. 90 at 5-6), it has presented neither new facts nor controlling law that would justify departure from the privacy concerns underlying my ruling in the May 27 Order. The disclosure of additional sensitive information relating to students or former students who may not wish to be a part of this litigation or even be

aware of it remains inappropriate at this stage. Therefore, the City's motion to reconsider Part II of the May 27 Order is denied.

II.  *Scope of the Unsealing Order*

The City also alleges that the scope of the Unsealing Order is too narrow in that it fails to capture events relied upon by Plaintiffs in the Amended Complaint and/or motion for class certification which the record indicates transpired prior to September 1, 2006. I will treat this argument as a motion to reconsider the scope of the Unsealing Order and I grant that motion. To that end, the parties shall meet and confer and, no later than July 6, 2011, submit a proposed order unsealing the arrest reports and criminal incident reports of the individuals identified as T.G., P.C., C.S. and Jose Ramos in Exhibits 26, 29, 31 and 36 to the Karteron Declaration, respectively.

SO ORDERED.

DATED: June 20, 2011             _____/s/_____
       Brooklyn, New York            Andrew L. Carter, U.S.M.J.