UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DESTINY BRUNO, et al.,

                Plaintiffs,

    -against-
                                              ORDER
                                              10-CV-210 (RRM) (SMG)

THE CITY OF NEW YORK, et al.,

                Defendants.
-----------------------------------------------------------X
Gold, S., *United States Magistrate Judge*:

      Defendants move for reconsideration of a ruling I made during a conference held on November 20, 2013.[1] The challenged ruling concerns discovery with respect to a report issued by the ACLU and NYCLU entitled "Criminalizing the Classroom" ("the Report"). Plaintiffs have indicated that, if this case proceeds to trial, they intend to offer the Report as evidence that defendants were on notice of the constitutional violations alleged in the complaint. Tr. of Sept. 16, 2013, Docket Entry 316, at 34-35. I held a conference on November 20, 2013, at which there was discussion of a ruling I had previously made granting defendants discovery of the underlying materials relied on by the ACLU and NYCLU as support for the factual assertions in the Report. During that conference, however, I denied defendants' further application for discovery of all documents generated "in any way relating to the report." Tr. at 25-26. Defendants now seek reconsideration of this latter ruling.

---

[1] The relevant motion papers are as follows: Defendants' Memorandum of Law in Support of Motion for Reconsideration, Docket Entry 338 ("Def. Mem."); Defendants' Letter dated December 6, 2013, enclosing the transcript reflecting the challenged ruling, Docket Entry 339 ("Tr."); American Civil Liberties Union and New York Civil Liberties Union's Memorandum of Law in Opposition to Defendants' Motion for Reconsideration, Docket Entry 346 ("Opp. Mem."); and Defendants' Memorandum of Law in Further Support of Motion for Reconsideration, Docket Entry 349 ("Reply Mem.").

A party moving for reconsideration must "point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not, however, "be used as a vehicle to advance new theories or adduce new evidence in response to the court's rulings." *Chin v. U.S. Postal Service*, 2009 WL 3174144, at *1 (E.D.N.Y. Oct. 1, 2009) (internal quotations and citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied." *Shrader*, 70 F.3d at 257. Moreover, a motion to reconsider should be denied "where the moving party seeks solely to relitigate an issue already decided." *Id.*; *see also* Local Civil Rule 6.3.

Defendants have failed to point to any controlling law or relevant facts I overlooked when I issued the ruling they now seek to challenge. Rather, they make the same argument in support of reconsideration now that they made in support of their discovery application on November 20, 2013: that investigative material *not* included in the Report would demonstrate bias and that it was therefore reasonable for defendants not to respond to the Report. *Compare* Tr. at 25 *with* Def. Mem. at 3 and Def. Reply at 1.

Even if I were considering defendants' application on its merits for the first time, I would deny the broader discovery they seek. If defendants' failure to respond to the Report is relevant at all, what would be pertinent is that they believed the Report lacked objectivity and reliability and the reasons for that belief, not any new information about the objectivity of the Report that might be developed in discovery. Moreover, any inference of bias drawn from information not relied upon in preparing the Report would be highly subjective. Thus, the discovery defendants seek is of limited, if any, relevance. Finally, producing the discovery defendants seek would require substantial time and effort; the ACLU and NYCLU state that more than 100 hours has

2

already been spent in connection with production of the reliance materials.  Laroche Decl., ¶ 4, Docket Entry 346-1.  I therefore conclude that "the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2)(C)(iii).

      For all these reasons, defendants' motion for reconsideration is DENIED.

                                                  SO ORDERED.

                                                  /s/
                                          Steven M. Gold
                                          United States Magistrate Judge

Brooklyn, New York
January 14, 2014

.

*U:\smg current docs\B.H. Mot for Reconsideration.docx*