Index No.  10 CV 210 (RRM)(SMG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DESTINY BRUNO, et. al.,

                                             Plaintiffs,

                    -against-

CITY OF NEW YORK, et. al.,

                                             Defendants.

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SPOLIATION SANCTIONS AND TO COMPEL DISCOVERY

*JEFFREY D. FRIEDLANDER*
*Acting Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Mark D. Zuckerman*
*Tel:  (212) 356-3519*
*Matter No. 2012-003358*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................... 1

INTRODUCTION .......................................................................................................... 1

ARGUMENT .................................................................................................................. 2

       POINT I

          SPOLIATION SANCTIONS ARE APPROPRIATE
          FOR THE DESTRUCTION OF THE STUDENT
          SURVEYS USED BY THE NYCLU/ACLU IN
          SUPPORT OF THE REPORT ...................................................................2

       POINT II

          THE REDACTIONS OF THE NAMES OF
          CERTAIN PERSONS CITED IN THE REPORT
          BY THE NYCLU/ACLU WERE IMPROPER .........................................6

       POINT III

          DEFENDANTS SHOULD BE ALLOWED TO
          TAKE THE DEPOSITION OF UDI OFER AS TO
          THE PREPARATION OF THE REPORT ...............................................10

CONCLUSION............................................................................................................. 11

## TABLE OF AUTHORITIES

**Cases**                                                                                      **Pages**

Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.,
    473 F.3d 450 (2d Cir. 2007)...................................................................................... 3

Baker v. F & F Inv.,
    470 F.2d 778 (2d Cir. 1972)...................................................................................... 7

Chevron Corp. v. Berlinger,
    629 F.3d 297 (2d Cir. 2011)...................................................................................... 7

Fujitsu Limited v. Federal Express Corp.,
    247 F.3d 423 (2d Cir. 2000)...................................................................................... 3

Gonzales v. NBC,
    194 F.3d 29 (2d Cir. 1999)........................................................................................ 7

In re Petroleum Products Antitrust Litigation,
    680 F.2d 5 (2d Cir. 1982).......................................................................................... 7

Reilly v. Natwest Mkts. Grp. Inc.,
    181 F.3d 253 (2d Cir. 1999)...................................................................................... 4

Residential Funding Corp. v. DeGeorge Fin. Corp.,
    306 F.3d 99 (2d Cir. 2002)................................................................................3-4, 5

Torres v. Toback, Bernstein & Reiss LLP,
    278 F.R.D. 321 (E.D.N.Y. 2012) ............................................................................. 6

United States v. Treacy,
    639 F.3d 32 (2d Cir. 2011)........................................................................................ 7

Von Bulow v. Von Bulow,
    811 F.2d 136 (2d Cir. 1987)................................................................................. 6, 7

West v. Goodyear Tire & Rubber Co.,
    167 F.3d 776 (2d Cir. 1999)...................................................................................... 3

Woodward Governor Co. v. Curtiss-Wright Flight Sys.,
    164 F.3d 123 (2d Cir. 1999)...................................................................................... 6

**Statutes**

42 U.S.C. §1983.......................................................................................................... 6, 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

DESTINY BRUNO, et. al.,

                              Plaintiffs,

                 -against-

THE CITY OF NEW YORK, et. al.,

                              Defendants.

**DEFENDANTS'
MEMORANDUM OF LAW
IN SUPPORT OF MOTION
FOR SPOLIATION
SANCTIONS AND TO
COMPEL DISCOVERY**


**10 CV 210 (RRM)(SMG)**

----------------------------------------------------------------------x

## PRELIMINARY STATEMENT

Defendants respectfully submit their Memorandum of Law in support of their motion for 1) spoliation sanctions resulting from the destruction by the NYCLU/ACLU during the pendency of this litigation of the original surveys filled out by students and which were used as support for the "Criminalizing the Classroom" report authored by the NYCLU/ACLU (the "Report")(Declaration of Mark D. Zuckerman dated January 31, 2014 ("Zuckerman Decl.", Ex. A));  2) "unredacting" the names of the persons who were quoted/cited in the Report and whose identities were redacted in the interview notes which were part of the "reliance materials" produced by the NYCLU/ACLU in discovery, other than students; and 3) deposition questions to Udi Ofer concerning the preparation of the Report, which the NYCLU/ACLU will not allow. For the reasons set forth herein, defendants' motion should be granted.

## INTRODUCTION

As the Court is aware, at Docket 319, plaintiffs informed the Court that they "intend[ed] to make evidentiary submissions related to the Report in support of future motions and at trial…and to rely on the Report as evidence that City policymakers were on notice of

widespread constitutional violations by personnel of the New York City Police Department, but displayed deliberate indifference in failing to remedy those violations." (Zuckerman Decl., Ex. B)  Thus, plaintiffs are planning to use the Report, authored by their own counsel, in future motions and at trial in this matter.  The Court has stated that defendants were allowed discovery in the form of the "reliance materials" for the Report because "if it was hyperbole unsupported by any material and a piece of political advocacy and not a piece of factual investigation that you should have the opportunity to present that to a fact finder." (Zuckerman Decl., Ex. C at p. 25)

Three issues remain in dispute between defendants and the NYCLU/ACLU:  1) Defendants' motion for spoliation sanctions arising from the destruction of the student surveys used to support the Report during the pendency of this litigation;  2)  The propriety of redactions made of the identities of certain persons quoted/cited in the Report, other than students; and 3) Deposition questions defendants wish to ask of Udi Ofer in connection with the preparation of the Report and which the NYCLU/ACLU will not allow.

## ARGUMENT

### POINT I

**SPOLIATION SANCTIONS ARE APPROPRIATE FOR THE DESTRUCTION IN MARCH, 2013 OF THE STUDENT SURVEYS USED BY THE NYCLU/ACLU IN SUPPORT OF THE REPORT**

The Report references "Survey Results," specifically at p. 16-18 thereof, and generally throughout the Report, and certain hard copy student surveys are cited therein as support for the Report, its conclusions and recommendations.  Based on the "reliance materials" produced to defendants in this litigation by the NYCLU/ACLU, the exemplar of the hard copy student survey form used by the NYCLU/ACLU to conduct its surveys appears to be the form that is annexed as Exhibit D to the Zuckerman Decl.  When the "reliance materials" were

produced by the NYCLU/ACLU to defendants herein, counsel for the NYCLU/ACLU **reported that the hard copy student surveys that had actually had been filled out by the students had been destroyed by the NYCLU in March, 2013.** (Ex. E to Zuckerman Decl.)  What remain concerning these student surveys, the NYCLU/ACLU report, are merely the spreadsheets prepared by the NYCLU/ACLU, and which purport to reflect the answers provided by the students surveyed that were on the hard copy student surveys that the NYCLU/ACLU destroyed in March, 2013.  Samples of these spreadsheets are annexed to the Zuckerman Decl. as Ex. F.

   "Spoliation is the destruction or significant alteration of evidence, or failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc., 473 F.3d 450, 457 (2d Cir. 2007).  "The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." Fujitsu Limited v. Federal Express Corp., 247 F.3d 423, 436 (2d Cir. 2000).  As the Second Circuit Court of Appeals has observed, "spoliators should not benefit from their wrongdoing…." West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999).

   A "district court has broad discretion in crafting a proper sanction for spoliation…[and] the appropriate sanction should be crafted to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine," West 167 F.3d at 779, and "should be assessed on a case by case basis." Fujitsu Limited, 247 F.3d at 436.  The Second Circuit Court of Appeals has recognized that a sanction should "1) deter parties from engaging in spoliation; 2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and 3)  restore the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party." West, 167 F. 3d at 779.

"A party seeking sanctions based on spoliation of evidence must prove the following:  1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed;  2) that the records were destroyed with a culpable state of mind;  and 3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002).  A party has acted with a sufficiently culpable state of mind when "evidence was destroyed knowingly, even without intent to breach a duty to preserve it, or negligently." Id. at 108;  see also Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d 253, 267 (2d Cir. 1999)(failure to preserve evidence can fall "along a continuum of fault—ranging from innocence through degrees of negligence to intentionality").

It cannot be seriously disputed that the NYCLU/ACLU had the obligation to preserve the hard copy student surveys for discovery purposes in this litigation.  The Report is referenced in plaintiff's complaint which was filed in January, 2010, and as seen above, plaintiffs have intended to use their counsel's Report in "evidentiary submissions…in support of future motions and at trial…and to rely on the Report as evidence that City policymakers were on notice of widespread constitutional violations by personnel of the New York City Police Department, but displayed deliberate indifference in failing to remedy those violations." (Zuckerman Decl., Ex. B)  Thus, discovery of the "reliance materials" in support of the Report was entirely foreseeable to the NYCLU/ACLU, as plaintiffs' counsel.

From discovery provided by the NYCLU/ACLU thus far, it is clear that the NYCLU/ACLU were grossly negligent by destroying the hard copy student surveys. Declarations provided to defendants by counsel for the NYCLU/ACLU purportedly setting forth the facts underlying the destruction of the hard copy student surveys are annexed to the

- 4 -

Zuckerman Decl. as Exhibit G.  **What seems to be clear, however, is that the attorneys for the plaintiffs in <u>Bruno</u> never took any action to ensure the preservation of the aforementioned hard copy student surveys.**  (See Ex. H to Zuckerman Decl.)  Plaintiffs' counsel apparently never informed their "archivists" to preserve the hard copy student surveys nor took **any other** action on their own to ensure the documents' preservation.  Seemingly having failed to take any action whatsover to preserve the documents, it was entirely predictable that the NYCLU's/ACLU's archivists would at some point destroy them, and that's exactly what happened during the pendency of the <u>Bruno</u> litigation in March, 2013.

The hard copy student surveys are entirely relevant to the defense to the Report that the Court has allowed, namely  that "if it was hyperbole unsupported by any material and a piece of political advocacy and not a piece of factual investigation that you should have the opportunity to present that to a fact finder."  (Exhibit C to Zuckerman Decl.)  The only way that defendants had to determine whether the "survey results" relied upon by the NYCLU/ACLU for the Report actually supported the Report's conclusions and recommendations was to review the hard copy student surveys themselves.  Defendants are left with no way of knowing whether the NYCLU's/ACLU's spreadsheets accurately reflect the hard copy student surveys that are now missing.  Of particular interest to defendants would have been the students' answers to the open ended survey question, "Is there anything else that you want to share about police behavior in school?"  (See Zuckerman Decl., Ex. D)  Having failed to preserve the hard copy student surveys that they were obliged to retain, spoliation sanctions are entirely appropriate.

Defendants suggest that the appropriate sanction for the grossly negligent destruction of the hard copy student surveys should be the exclusion of any evidence at trial or use in future evidentiary submissions of any of the results of the surveys, or the use of portions

of the Report or its conclusions based on the survey results, or use of the spreadsheets that are annexed to the Zuckerman Decl. as Ex. F.  The requested sanction is clearly appropriate based on the facts and circumstances surrounding the destruction of the documents by the NYCLU/ACLU.  Although defendants believe that the sanction of an adverse inference is less appropriate in this instance, defendants respectfully submit that an adverse inference should be considered alternatively if the Court deems it appropriate in accordance with Residential Funding Corp. v. DeGeorge Fin. Corp., supra.

### POINT II

### THE REDACTIONS OF THE NAMES OF CERTAIN PERSONS CITED IN THE REPORT BY THE NYCLU/ACLU WERE IMPROPER

At issue in this aspect of defendants' motion are the redactions of the names of the persons who were interviewed for the Report and who are quoted/cited in the Report as support for the Report's conclusions, other than students.  Examples of the redacted interview notes which were produced to defendants as part of the "reliance materials" are annexed to Exhibit I to the Zuckerman Decl.  As the Court can determine, the interview notes purport to provide support for plaintiffs' assertion that the Report put defendants "on notice" of the Constitutional violations they allege in this lawsuit.  However, the names of the persons quoted/cited are completely redacted, thus, defendants lack any ability whatsoever to test whether the summaries of the interview in the Report are accurate.

The NYCLU/ACLU seem to contend that the names of the persons interviewed are privileged, and most notably refer to the "reporter's privilege."  Defendants disagree with the foregoing assertion of privilege, and object to the redactions, other than as to the names of students cited in the Report.

- 6 -

The question of whether the NYCLU/ACLU can assert privilege over the redacted portions of the "reliance materials" is governed by federal law.  This is a federal question case, and the federal common law governs this dispute.  It is well-settled that when litigation is based upon a federal question, e.g., 42 U.S.C. § 1983, privilege claims are governed by federal rather than state law.  See e.g., Woodward Governor Co. v. Curtiss-Wright Flight Sys., 164 F.3d 123, 126 (2d Cir. 1999)("questions about privilege in federal question cases are resolved by the federal common law"); Von Bulow v. Von Bulow, 811 F.2d 136, 141 (2d Cir. 1987) (recognizing that in a federal action, "the federal law of privilege controls the question whether the privileges asserted by [a party] should be recognized"); Torres v. Toback, Bernstein & Reiss LLP, 278 F.R.D. 321, 322 n.1 (E.D.N.Y. 2012)("[D]efendants mistakenly argue that New York state law concerning privilege applies because state law supplies the rule of decision in this action.  As this case arises under a federal statute . . . it is a federal question case, and federal common law of privilege therefore applies.").  Bruno presents questions arising under federal statute, namely 42 U.S.C. § 1983, and, as such, federal law controls.

The federal qualified journalists' privilege is rooted in the understanding and recognition of the pivotal role independent journalism plays in society.  See In re Petroleum Products Antitrust Litigation, 680 F.2d 5, 8 (2d Cir. 1982)(upholding a claim of privilege over confidential sources and noting the "pivotal function of reporters to collect information for public dissemination"); Baker v. F & F Inv., 470 F.2d 778, 780 (2d Cir. 1972)(recognizing "a paramount public interest in the maintenance of a vigorous, aggressive and independent press capable of participating in robust, unfettered debate over controversial matters").  In order for this qualified privilege to apply, however, the materials or information at issue must have been gathered: (1) with the intent to publicly disseminate it at the outset, Von Bulow v. Von Bulow,

811 F.2d 136 (2d Cir. 1987); and, (2) in the exercise of independent journalism.  Chevron Corp. v. Berlinger, 629 F.3d 297, 308 (2d Cir. 2011).

"While nonconfidential press materials are protected by a qualified privilege, the showing needed to overcome the privilege is less demanding than the showing required where confidential materials are sought."  Gonzales v. NBC, 194 F.3d 29, 36 (2d Cir. 1999).  If the information sought is not confidential, and the journalist is not protecting the identity of sources, the stronger privilege does not apply.  United States v. Treacy, 639 F.3d 32, 42 (2d Cir. 2011).  So too, "when protection of confidentiality is not at stake the privilege should be more easily overcome."  Gonzales, 194 F.3d at 36.  In situations where this qualified privilege is applicable, the party seeking production need only show that the materials sought "are of likely relevance to a significant issue in the case, and are not reasonably obtainable from other available sources."  Id. at 36.  The NYCLU/ACLU have not contended to date that the redacted information was obtained from "confidential sources."

Defendants respectfully submit that the journalists' privilege should not apply to the Report.  Even the most cursory viewing of NYCLU's website, of which defendants request the Court take judicial notice, demonstrates that they are not independent journalists to which a journalist's privilege would apply, but rather they aim to be "one of the nation's foremost defenders of civil liberties and civil rights…..Our mission is to defend and promote the fundamental principles and values embodied in the Bill of Rights, the U.S. Constitution, and the New York Constitution, including freedom of speech and religion, and the right to privacy, equality and due process of law for all New Yorkers."  The NYCLU acts as advocates, as they are in Bruno, and lobbyists, among many other functions.  The NYCLU's staff are not "independent journalists."  There is no apparent separation in NYCLU between the persons who

- 8 -

were involved in writing the Report and the persons who advocate/lobby in support of the issues of importance to NYCLU.  In fact, Arthur Eisenberg, who is one of plaintiffs' senior attorneys working on <u>Bruno</u> is listed as a contributor to the Report therein.  Employees of NYCLU/ACLU are all part of an organization dedicated to the mission statement that is set forth in the NYCLU's website.  In addition, the overlap between the Report and this litigation is evident, as one of the persons who was interviewed in the Report became a plaintiff in <u>Bruno</u> and another became a class member, though both have subsequently been withdrawn in those capacities due to their refusal to appear for depositions herein.  As such, the NYCLU should not be afforded the federal journalist's privilege.

In any event, even if a journalist's privilege applies, the privilege is qualified and defendants need the information to defend against plaintiffs' proposed use of their counsel's own report in this litigation.  As seen, at Docket 319, plaintiffs informed the Court that they intend to use the Report as evidence "in support of future motions and at trial…and to rely on the Report as evidence that City policymakers were on notice of widespread constitutional violations by personnel of the New York City Police Department, but displayed deliberate indifference in failing to remedy those violations."  Without the identities of the persons who allegedly gave accounts that purportedly support plaintiffs' argument that the Report put the City on notice of "widespread unconstitutional violations by personnel of the New York City Police Department," defendants cannot adequately defend against plaintiffs' allegations in this regard since defendants cannot test whether the Report's summaries of the interviews are accurate or not.

Defendants wish to point out, once again, as has been recognized by the Court, that plaintiffs and their counsel have created the present situation by attempting to infuse a Report issued by plaintiffs' counsel into this litigation.  Plaintiffs and their counsel should not be

allowed to use the Report and their assertion of privilege as "swords and a shield."  Plaintiffs contend that the very interviews of the persons whose identities that they have redacted put defendants on notice of constitutional violations.  As such, plaintiffs and their counsel cannot be heard to complain about defendants' need for the interviewees' identities to adequately defend plaintiffs' intended use of the interview results in <u>Bruno</u>.

### <u>POINT III</u>

### <u>DEFENDANTS SHOULD BE ALLOWED TO TAKE THE DEPOSITION OF UDI OFER AS TO THE PREPARATION OF THE REPORT</u>

Upon defendants' request for the deposition of the NYCLU's Udi Ofer, counsel for the NYCLU responded, in pertinent part, "The ACLU and NYCLU oppose Mr. Ofer's deposition to the extent the City seeks evidence regarding the preparation of the Criminalizing the Classroom Report because, *inter alia*, the City has already been provided voluminous materials with which it can assess the validity of the Report.  However, the ACLU and NYCLU do not oppose Mr. Ofer's deposition to the extent the City seeks evidence regarding when Defendants were put on notice of the allegations in the Report."  (Ex. J to Zuckerman Decl.)

Defendants believe that they should have the opportunity to depose Mr. Ofer with respect to certain aspects of the preparation of the Report, especially in light of the destruction of the student surveys.  For instance, the "reliance materials" are silent as to how the students and others who were interviewed or "surveyed" for the Report were selected, or even how the surveys were disseminated or if any materials were used in connection therewith.  Nor do there appear to be any documents that demonstrate how schools were selected for inclusion in the surveys.  There do not appear to be any documents that shed light on these important questions.  As such, since Mr. Ofer will be deposed regardless, defendants should be allowed to inquire of such unanswered questions regarding preparation of the Report as well.

- 10 -

**CONCLUSION**

For the foregoing reasons, defendants' motion should be granted in its entirety.

Dated:          New York, New York
                January 31, 2014


                              JEFFREY D. FRIEDLANDER
                              Acting Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street, Room 3-133b
                              New York, New York  10007
                              (212) 356-3519


                    By:       _____/s/_____
                              Mark D. Zuckerman
                              Senior Counsel