10 CV 210 (RRM)(SMG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DESTINY BRUNO, et. al.,

                                    Plaintiffs,

-against-

THE CITY OF NEW YORK, et. al.,

                                    Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SPOLIATION SANCTIONS AND TO COMPEL DISCOVERY**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Mark D. Zuckerman*
*Tel:  (212) 442-8248*
*Matter #:  2012-003358*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT

    POINT I

        SPOLIATION SANCTIONS SHOULD BE IMPOSED FOR THE DESTRUCTION OF THE HARD COPY STUDENT SURVEYS DURING THE PENDENCY OF THIS LITIGATION ................................................ 1

    POINT II

        THE NAMES OF PERSONS INTERVIEWED FOR THE REPORT SHOULD BE DISCOVERABLE ................................................................................ 6

    POINT III

        THE NYCLU'S/ACLU'S OBJECTIONS TO CERTAIN TOPICS AT UDI OFER'S DEPOSITION SHOULD BE OVERRULED ............................................ 9

CONCLUSION ..................................................................................................................... 10

- ii -

## TABLE OF AUTHORITIES

**Cases**  **Pages**

Chevron Corp. v. Berlinger,
   629 F.3d 297 (2d Cir. 2011) ............................................................................................... 6, 7

Fujitsu Limited v. Federal Express Corp.,
   247 F.3d 423 (2d Cir. 2000) .................................................................................................... 2

Gonzalez v. NBC,
   194 F.3d 29 (2d Cir. 1999) ...................................................................................................... 7

Kronisch v. United States,
   150 F.3d 112 (2d Cir. 1998). .................................................................................................... 5

Reilly v. Natwest Mkts. Grp., Inc.,
   181 F.3d 253 (2d Cir. 1999) .................................................................................................... 4

Residential Funding Corp. v. DeGeorge Fin. Corp.,
   306 F.3d 99 (2d Cir. 2002) .................................................................................................. 2, 3

Schiller v. City of New York,
   245 F.R.D. 112 (S.D.N.Y. 2007) ......................................................................................... 7, 8

Von Vulow v. Von Bulow,
   811 F.2d 136 (2d Cir. 1987) .................................................................................................... 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DESTINY BRUNO, et. al.,

                                Plaintiffs,

           -against-

THE CITY OF NEW YORK, et. al.,

                                Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SPOLIATION SANCTIONS AND TO COMPEL DISCOVERY**

**10 CV 210 (RRM)(SMG)**

------------------------------------------------------------------------x

## PRELIMINARY STATEMENT

        Defendants hereby respectfully submit their Memorandum of Law in support of their motion for spoliation sanctions and to compel discovery in connection with the NYCLU's/ACLU's "Criminalizing the Classroom" report. (the "Report")  For the reasons set forth in defendants' moving papers, and herein, defendants motion should be granted in its entirety.

## ARGUMENT

### POINT I

**SPOLIATION SANCTIONS SHOULD BE IMPOSED FOR THE DESTRUCTION OF THE HARD COPY STUDENT SURVEYS DURING THE PENDENCY OF THIS LITIGATION**

        The NYCLU and ACLU agree that "[a] party seeking sanctions based on spoliation of evidence must prove the following:  1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed;  2) that the records were destroyed with a culpable state of mind;  and 3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that

claim or defense." Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002). Defendants respectfully submit that they have satisfied each of these requirements.

With respect to the first prong, "[t]he obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." Fujitsu Limited v. Federal Express Corp., 247 F.3d 423, 436 (2d Cir. 2000). The NYCLU and ACLU do not seem to dispute this legal standard. Rather, they take the position that because their Second Amended Complaint did not specifically reference the surveys, that no retention obligation was triggered at that time. This is clearly incorrect, and counsel's obligation to retain the hand written surveys clearly arose when they decided to use their own Report in this litigation, which was at its inception.

At the outset, the NYCLU and ACLU never excluded the surveys from their intended use of the Report in their Complaint, or otherwise. To the contrary, they have always indicated that they intend to use the entire Report. This was clearly demonstrated when the Court asked the NYCLU and ACLU for their formal position on their intended use of the Report, and Mr. Schwartztol wrote a letter to the Court stating that plaintiffs, "intend[ed] to make evidentiary submissions related to the Report in support of future motions and at trial…and to rely on the Report as evidence that City policymakers were on notice of widespread constitutional violations by personnel of the New York City Police Department, but displayed deliberate indifference in failing to remedy those violations." (Docket 319) Mr. Schwartztol did not limit the use of the Report in any way when asked to formally state plaintiffs' intended use thereof, nor does the Second Amended Complaint either. (hereinafter "SAC" at ¶¶256-260) Having never limited their intended use of the Report in their own SAC, or otherwise, the

- 3 -

NYCLU's/ACLU's excuse for not retaining the hand written surveys should be rejected on this basis alone.[1]

Further, plaintiffs' argument that essentially, they should be the final arbiter as to what is relevant in discovery and what should be retained, should be rejected as well.  This Court has already determined that the "reliance materials," of which the hand written surveys were indisputably a critical part, are relevant, at least for discovery purposes.  In fact, the Court has stated that, "if [the Report] was hyperbole unsupported by any material and a piece of political advocacy and not a piece of factual investigation that [defendants] should have the opportunity to present that to a fact finder." (Zuckerman Declaration of January 31, 2014., Ex. C at p. 25) Having decided to use their own Report in this litigation on behalf of plaintiffs, and having never limited its use to specific portions thereof, the NYCLU and ACLU clearly had the obligation to preserve the hand written surveys, but did not.

Interestingly, although the NYCLU and ACLU now contend that the handwritten surveys are not "relevant,"[2] they never suggest that this issue be resolved with the exclusion of any evidence at trial or use in future evidentiary submissions of any of the results of the surveys, or the use of portions of the Report or its conclusions based on the survey results, or use of the spreadsheets which resulted from the missing student surveys, as requested by defendants. Simply, if the NYCLU and ACLU now do not intend to use the surveys on the plaintiffs' behalf, why are they still pressing to be permitted to use them in the future in this litigation?  The answer is that plaintiffs still seek the opportunity to use the surveys in the future, despite their recent

---

[1] Defendants would also point out that defendants' document requests nos. 3 and 15, to which responses were served in 2010, called for the production of the destroyed materials. (Ex. A to Declaration of Mark D. Zuckerman of February 24, 2014)

[2] The NYCLU's and ACLU's contention in their responsive Memorandum of Law that the surveys are not "relevant" to this litigation is contradicted by the argument that they also make that the City's requested sanction of

contention that they are not relevant, an argument which was only crafted for their use in defense to defendants' motion for spoliation sanctions.

With respect to the second prong of the Residential Funding Corp. test, in order to obtain spoliation sanctions, defendants must prove that the NYCLU and ACLU acted with a "culpable state of mind." Residential Funding Corp., supra, at 107. The NYCLU and ACLU agree that a party has acted with a sufficiently culpable state of mind when "evidence was destroyed knowingly, even without intent to breach a duty to preserve it, or negligently. Id. at 108; see also Reilly v. Natwest Mkts. Grp., Inc., 181 F.3d 253, 267 (2d Cir. 1999)(failure to preserve evidence can fall "along a continuum of fault—ranging from innocence through degrees of negligence to intentionality").

Although the NYCLU and ACLU disagree that the destruction of the handwritten surveys was "grossly negligent," as submitted by defendants, it does not appear that the NYCLU and ACLU take issue with the fact that the destruction of the surveys was at a minimum "negligent," which would by itself be sufficient for the imposition of spoliation sanctions. Despite the NYCLU's and ACLU's explanation of how the surveys were destroyed, they cannot dispute the essential facts surrounding why the destruction of the surveys occurred: The attorneys assigned to the Bruno litigation, despite intending to use the entire Report from the inception of the case in support of their clients, never took any action to ensure that all "reliance materials" were preserved. As such, and predictably, the student surveys were destroyed when an "archivist," who claims no knowledge of the pending Bruno litigation, shredded them. This is gross negligence in accordance with applicable caselaw, and the Court should so find. E.g.,

---

the use of the surveys is too severe. Simply, if the surveys are irrelevant, then the NYCLU and ACLU should not object to preclusion of their use in this litigation going forward.

ALCORN v. County of Nassau, 05 CV 2301 (JFB)(WDW), 2009 U.S. Dist. LEXIS 19459, at *10-11 (E.D.N.Y. Mar. 9, 2009).

With respect to the third prong of the Residential Funding Corp. test, defendants must show that the evidence was "relevant." Residential Funding Corp., supra, at 107. As recognized by the NYCLU and ACLU, should the Court find "gross negligence" with respect to their destruction, relevance is presumed. Id. at 109. Although the ALCU and NYCLU quote from a portion of the Residential Funding Corp. decision as to the purported burden that defendants bear on this issue should the Court only find negligence on the part of the NYCLU and ACLU, they purposely omit important aspects of the Second Circuit's decision in that case: "[T]he party seeking [spoliation sanctions] must adduce sufficient evidence from which a trier of fact could infer 'the destroyed [or unavailable] evidence would have been of the nature alleged by the party affected by its destruction. Courts must take care not to 'hold the prejudiced party to too strict a standard of proof regarding the likely contents of the destroyed [or unavailable] evidence,' because doing so 'would subvert the…purposes of the [sanction], and would allow parties who have…destroyed evidence to profit from the destruction." Id.(quoting Kronisch v. United States, 150 F.3d 112, 127-128 (2d Cir. 1998)).

Defendants believe that the handwritten student surveys would support their defense of this matter. There has been much discovery in this matter that reflects the positive aspects of the use of School Safety Agents in the New York City Public Schools. (Declaration of Mark D. Zuckerman dated February 24, 2014, Ex. B)  Defendants believe that certain of the surveys would support their defenses in this case, particularly the actual answers to the open ended question in the survey, "Is there anything else that you want to share about police behavior in school?" (See January 31, 2014 Zuckerman Decl., Ex. D)  The NYCLU and ACLU

attempt to point to the spreadsheets that were prepared and which purportedly reflect the answers on the destroyed hard copy surveys as evidence that defendants have suffered no prejudice by the destruction of the surveys. However, the NYCLU and ACLU have provided no admissible evidence as to how the spreadsheets that they contend are acceptable substitutes for the destroyed evidence were prepared and the extent to which they are accurate. Simply, defendants had the right to discover the hard copy survey results themselves and they are relevant to defendants' defenses in this litigation.

Defendants have clearly satisfied all three prongs of the above Residential Funding Corp. test. As such, spoliation sanctions are appropriate for the destruction of the hand written surveys.

**POINT II**

**THE NAMES OF PERSONS INTERVIEWED FOR THE REPORT SHOULD BE DISCOVERABLE**

Defendants seek to compel the names and/or the unredacting of the identities of persons who were cited/quoted in the Report and/or who were the subject of interview notes provided to defendants as part of the "reliance materials" produced by the NYCLU/ACLU herein. Defendants seek these persons' identities as defendants wish to test whether the summaries of the interviews purportedly taken are accurate or not. Defendants' proposed discovery is certainly pertinent to the discoverable issue of whether [the Report] was "hyperbole unsupported by any material and a piece of political advocacy and not a piece of factual investigation…." (Zuckerman Declaration of January 31, 2014., Ex. C at p. 25) Without this information, defendants have no real way to test whether the Report is factual.

The NYCLU and ACLU do not seem to dispute that the proposed discovery is relevant, but rather take the position that the requested information is protected by the "reporter's privilege." Essentially, plaintiffs and their counsel are using the Report and the reporter's privilege as "swords and shields." On the one hand, they want to use the Report for the stated purposes in Mr. Schwartztol's letter to the Court at Docket 319. On the other hand, they wish to prevent defendants from discovering the identities of the persons who are cited/quoted in the Report and/or who were otherwise interviewed for the Report. This should not be allowed.

The NYCLU and ACLU agree that for the reporter's privilege, which is qualified, to apply, the materials or information at issue must have been gathered 1) with an intent to disseminate it at the outset, Von Vulow v. Von Bulow, 811 F.2d 136 (2d Cir. 1987) and, 2) in the exercise of independent journalism. Chevron Corp. v. Berlinger, 629 F.3d 297, 308 (2d Cir. 2011). However, the NYCLU and ACLU misconstrue defendants' argument as to why the they should not be afforded the "reporter's privilege" in this instance, particularly defendants' assertion at p. 8 of their moving Memorandum of Law that the NYCLU/ACLU act as "advocates," as in Bruno, and "lobbyists," among other functions.

The Second Circuit in Chevron Corp. v. Berlinger, supra, specifically stated that "[t]he privilege is designed to support the press in its valuable public service of seeking out and revealing truthful information. An undertaking to publish matter in order to promote the interests of another, regardless of justification, does not serve the same public interest, regardless of whether the resultant work my prove to be one of high quality." Id., at 308. As set forth on the NYCLU's website, the NYCLU/ACLU's mission is to promote the interests of persons they purport to represent, i.e., the plaintiffs that are represented in Bruno, and/or the class of New York City public schoolchildren of which they would have certified as a class in this case. The

NYCLU/ACLU are simply not "independent journalists" as that term is defined by applicable law.[3]

In any event, there is no dispute that the "reporter's privilege" is "qualified." The NYCLU and ACLU do not dispute the law cited by defendants that in situations where the qualified privilege is applicable and a source is not "confidential," the party seeking production need only show that the materials sought "are of likely relevance to a significant issue in the case, and are not reasonably obtainable from other available sources." Gonzalez v. NBC, 194 F.3d 29, 36 (2d Cir. 1999).

At the outset, just as in Schiller, the NYCLU/ACLU cannot establish that the persons interviewed for the Report, other than the possible exception of two persons who the Report and interview notes reflect requested anonymity, and of whom defendants seek discovery, are "confidential" such that the higher showing of need by defendants would apply. The NYCLU and ACLU have made absolutely no showing by competent evidence that any other sources were confidential. To the contrary, the fact that the Report and certain interview notes reflect that two sources did request anonymity leads to the conclusion that all others did not make such requests for confidentiality for the interviews that were provided to the NYCLU and/or ACLU and that there was no such limitation. As such, the defendants' need for these persons' identities should be governed by the lower standard of relevance set forth above.

---

[3] The NYCLU and ACLU cite extensively to Magistrate Judge Francis' decision in Schiller v. City of New York, 245 F.R.D. 112 (S.D.N.Y. 2007), in support of their argument that the NYCLU and ACLU should be afforded the "reporter's privilege" in this case. However, Magistrate Judge Francis specifically stated that his finding that the NYCLU was acting as a journalistic enterprise with respect to certain activities during the Republican National 'Convention was limited to "[that] instance." Id., at 119.. The NYCLU and ACLU fail, however, to inform the Court that Magistrate Judge Francis failed to uphold the NYCLU's attempt to demonstrate entitlement to a "reporter's privilege" even in Schiller because the NYCLU could not sufficiently demonstrate that the "sources" that it wished to protect were "confidential." Id., at 119-120.

As seen, at Docket 319, plaintiffs informed the Court that they intend to use the Report as evidence "in support of future motions and at trial…and to rely on the Report as evidence that City policymakers were on notice of widespread constitutional violations by personnel of the New York City Police Department, but displayed deliberate indifference in failing to remedy those violations." Without the identities of the persons who allegedly gave accounts that purportedly support plaintiffs' argument that the Report put the City on notice of "widespread unconstitutional violations by personnel of the New York City Police Department," defendants cannot adequately defend against plaintiffs' allegations in this regard since defendants cannot test whether the Report's summaries of the interviews are accurate or not. There is simply no other way for defendants to defend against the assertion that these interviews are accurate in a Report that the NYCLU and ACLU have inserted into this litigation, purportedly on behalf of the named plaintiffs. Again, the NYCLU's use of the Report/ reporter's privilege as "swords and shields" should be rejected.

## POINT III

### THE NYCLU'S/ACLU'S OBJECTIONS TO CERTAIN TOPICS AT UDI OFER'S DEPOSITION SHOULD BE OVERRULED

The NYCLU/ACLU has agreed to a deposition of Udi Ofer on a topic of importance to them, namely the "notice" that the Report purportedly provided the City of alleged constitutional violations, but would limit defendants' ability to question Mr. Ofer on certain topics that are of importance to defendants. More specifically, the NYCLU/ACLU would prevent defendants from questioning Mr. Ofer at his deposition on several important topics, namely, how the students and others who were interviewed or "surveyed" for the Report were selected, how the surveys were disseminated, if any materials were disseminated in connection

therewith and/or how schools were selected for inclusion in the surveys. Such limitation should not be allowed.

The NYCLU/ACLU do not dispute that there are no documents in the "reliance materials" produced that shed light on the topics that defendants have proposed for Mr. Ofer's deposition. Rather, they contend that defendants are seeking to establish "bias" type evidence. This is not correct. Defendants seek to depose Mr. Ofer on the above topics that should shed light on the alleged factual accuracy of the Report. Simply, answers to deposition questions on the above bear on the accuracy of the information contained in the Report and should be allowed.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in defendants' moving papers, defendants' motion should be granted in its entirety.

Dated:    New York, New York
          February 24, 2014

                              ZACHARY W. CARTER
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street, Room 3-133b
                              New York, New York  10007
                              (212) 356-3519

                              By:      _____/s/_____
                                       Mark D. Zuckerman
                                       Senior Counsel